No. 530

GREENBERG v. CLEVELAND (Bd. Ed.)
No. 19813. Supreme Court
On motion to certify. Dock. May 10, 1926.
1065. SCHOOLS & SCHOOL DISTRICTS —Where the Board of Education of a municipality has invoked the benefits of the National Defense Act, may the tax payer enjoin the discontinuance of military training in the high-schools of such municipality?

Jennie Greenberg, brought this action originally in Cuyahoga Common Pleas against the Board of Education of the city of Cleveland seeking an injunction against said Board of Education from discontinuing military training in the public schools in the city of Cleveland.

It appears that at some prior date the school board had invoked military training under and received the benefits of The National Defense Act passed by Congress and that subsequently the board had ordered discontinuance of this training.

A demurrer to the petition was sustained by the Common Pleas and final judgment entered thereon, which judgment was affirmed by the Appeals.

The question at issue is whether or not Jennie Greenberg, a tax payer of the city of Cleveland, had the right as a matter of law to maintain such a suit.

Greenberg in the Supreme Court contends:

1. That she is entitled as a matter of law to maintain such suit and is proper party plaintiff.

2. That the school board after accepting and invoking the benefits of the National De-

fense Act cannot discontinue this training when such discontinuance involves a large expenditure of money which would be a burden on the tax payers because such discontinuance would as a matter of law necessitate the substitution of another very expensive training and instruction.

Attorneys—Turney & Sipe, R. L. Aumervian, Malvern E. Schultz, Francis J. Cook, R. W. Price, for Greenberg. C. F. Shuler for Board; all of Cleveland.

---

No. 531

N. Y. LIFE INSURANCE CO. v. RICHARDSON
No. 19806. Supreme Court
On motion to certify. Dock. May 5, 1926.
191. BURDEN OF PROOF—Where a decedent was the holder of an accident insurance policy and there is a question of whether or not the decedent was killed by an accident or cimmitted suicide, is the burden of proof upon the insured to prove that the decedent was killed by accident, or is the decedent presumed to have been killed by accident until the Insurance Company proves suicide?

Effie Richardson brought this action originally in the Lucas Common Pleas against the New York Life Insurance Company to recover upon an insurance policy issued to Irving G. Richardson upon his life in favor of Effie Richardson.

The policy provided that a certain sum was to be payable in case the insured was killed by accident. The Insurance Company alleges suicide and the beneficiary maintains death by accident. There is no specific proof of either accident or suicide and therefore the importance of proof is paramount.

It appears that on July 4, 1924, the decedent acted strangely and had some controversy with his wife and that later he went into a room, pulled the blinds, and in a few minutes a shot was heard. The decedent was found lying crosswise on a bed and a shotgun was lieing across the left leg of the deceased whose left hand was upon the barrel of the bun. The entire back of the deceased's head was blown off, the shot having entered back of the right ear.

The Common Pleas rendered judgment on a verdict in favor of Effie Richardson which judgment was affirmed by the Appeals. The Company in the Supreme Court contends:

1. That the court erred in refusing to allow counsel for the Company to ask Effie Richardson why she became frightened.

2. That the court erred in refusing counsel to allow counsel for the plaintiff to ask a witness if Effie Richardson had requested to testify that death was caused by accident.

3. That the court erred in refusing to charge that Richardson must show by a preponderance of the evidence that the death was not a suicide.

4. That the court erred in charging that the law presumes that everyone does what he should do and does nothing that he should not do, and so here the presumption of law is that the insured did not destroy himself.

Attorneys—Arnold, Wright & Harlor, Columbus, and Ritter, Brumbaugh, Toledo, for Company; A. D. Logan, and F. Spence, Toledo, for Richardson.